UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL BARR, wife of and DAVID BARR, individually and as surviving parents of MATTHEW BARR and CARON WILLEY and DOUGLAS MORGAN, individually and as surviving parents of HAILEY BARR** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5839** |
| **JESSIE LEE, SOUTHEASTERN FREIGHT LINES, TRAVELERS INDEMNITY CO., KIMBERLY BELLOMY, LANDSTAR RANGER, INC., AND MARSH USA, INC.** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment on Plaintiffs' Survival Claims filed by defendants, Landstar Ranger, Inc., Old Republic Insurance Company, Southeastern Freight Lines, Inc., and The Travelers Indemnity Company (Doc. #52), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment on the Wrongful Death Claim Related to the Death of Hailey Barr filed by defendants, Landstar Ranger, Inc., Old Republic Insurance Company, Southeastern Freight Lines, Inc., and The Travelers Indemnity Company (Doc. #53), is **DENIED**.

BACKGROUND

This matter is before the court on two motions for partial summary judgment filed by defendants, Landstar Ranger, Inc., Old Republic Insurance Company, Southeastern Freight Lines, Inc., and The Travelers Indemnity Company. Defendants argue that plaintiffs, Carol and David Barr, cannot recover survival damages related to either Matthew or Hailey Barr's deaths. Defendants also argue that plaintiffs cannot recover wrongful death damages related to Hailey Barr's death

because her husband, Matthew Barr, was never consciously aware of her death before his own death three days later.

On July 23, 2013, Matthew Barr was driving a red Volkswagen on Interstate 12 near Walker, Louisiana. His wife, Hailey Barr, was a passenger in the front seat of the vehicle. Matthew and Hailey Barr were involved in a motor vehicle accident. When the first responders arrived at the scene of the accident, they found that Hailey Barr was dead, and Matthew Barr was severely injured and unconscious, but showed signs of life. Matthew Barr was transported via ambulance to Our Lady of the Lake Hospital in Baton Rouge, Louisiana, where he was placed on life support. He was declared brain dead, and died on July 26, 2013, after life support was removed.

Matthew Barr's parents, Carol and David Barr, and Hailey Barr parents, Caron Willey and Douglas Morgan, filed this action seeking survival and wrongful death damages for the loss of their children under Louisiana Revised Statutes §§ 2315.1 and 2315.2. Defendants filed a motion for partial summary judgment regarding Hailey Barr's parents' claims, arguing that those claims are precluded because she was survived by her spouse, Matthew Barr. The court granted the motion, finding that the undisputed facts showed that Matthew Barr was rendered unconscious by the accident, but under Louisiana law, he survived his wife Hailey Barr, thus precluding her parents from bringing wrongful death and survival claims related to her death. Those claims vested in Matthew Barr's heirs or legatees upon his death, and his parents amended their complaint to bring survival and wrongful death claims related to Hailey Barr's death.

Thereafter, defendants filed two motions for summary judgment arguing that plaintiffs cannot recover survival damages related to either Matthew or Hailey Barr's deaths because Hailey

died instantly upon impact of the vehicles and Matthew was rendered unconscious and never regained consciousness. Thus, neither Matthew nor Hailey Barr had any conscious suffering before their deaths. Plaintiffs argue that survival damages are recoverable as to Hailey Barr because she must have been aware that the impact was coming and experiences some fright. They also argue that the affidavit of Dr. Jeffery S. Gruner demonstrates that Matthew Barr responded to deep pain stimuli in his unconscious state and there is evidence that he vomited after the impact, which demonstrates that he did feel pain prior to his death.

Defendants also argue that plaintiffs cannot recover wrongful death damages related to Hailey Barr's death because her husband, Matthew Barr, was never consciously aware of her death before his own death three days later, and there is no evidence that he paid her funeral expenses. Plaintiffs' argue that they have the right to bring the claim because they inherited it from Matthew Barr upon his death.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## B. Recovery for Survival Actions under Louisiana Law

Article 2315.1 of the Louisiana Civil Code provides that certain classes of persons may recover damages for injury sustained by the decedent. The Supreme Court of Louisiana has held:

> The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death. The survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. It is in the nature of a succession right.

McGee v. AC& S, Inc., 933 So.2d 77,0, 780 (La. 2006). "Survival damages may be awarded for the pre-death mental and physical pain and suffering of the deceased." Leary v. State Farm Mut. Auto. Ins. Co., 978 So.2d 1094, 1098 (La. Ct. App. 2008) (citing Temple v. Liberty Mut. Ins. Co., 330 So.2d 891 (La. 1976)). An award for pain and suffering is permissible when there is evidence that the decedent was sensitive to or aware of pain, even if the decent was rendered unconscious by the accident. Miller v. Nat'l Fire and Marine Ins. Co., 578 F.2d 41215, 126 (5th Cir. 1978) (citing Temple, 330 So.2d at 893). "There must nevertheless be some evidence by which the trier of fact can reasonably infer a sensitivity to or awareness of pain by the decedent." Walker v. St. Paul Ins. Co., 339 So.2d 441, 443 (La. Ct. App. 1977) (citing Temple, 330 So.2d 891). "Survival damages are properly awarded if there is even a scintilla of evidence of pain or suffering on the part of the decedent, and fright, fear, or mental anguish during an ordeal leading to the death is compensable." Leary, 978 So.2d at 1098 (quoting Patrick v. Emp'rs Mut. Cas. Co., 745 So.2d 641, 652 (La. Ct.

App. 1999)). Considerations in awarding survival damages include "the severity and duration of any pain or any pre-impact fear experienced by the deceased, and any other damages sustained by the deceased up to the moment of death." Id. (citing Guillot v. Valley Forge Ins. Co., 753 So.2d 891 (La. Ct. App. 1999)). "Like other general damage awards, the amount of the award for the decedent's pain and suffering is subject to the vase discretion of the trier of fact." Harvey v. State of La., Dep't of Transp. and Dev., 799 So.2d 569, 577 (La. Ct. App. 2001) (citing Magee v. Pittman, 761 So.2d 731 (La. Ct. App. 2000)).

      Defendants argue that there can be no recovery of survival damages for either Matthew or Hailey because Matthew was rendered unconscious by the accident, and Hailey died instantly on impact.  However, Louisiana law provides that survival damages may be awarded "if there is even a scintilla of evidence" of pre-death pain and suffering, or fear or mental anguish during the ordeal leading to the death is compensable. See Leary, 978 So.2d at 1098.  Plaintiffs have presented evidence that Matthew may have experienced some pain after the accident, because he vomited and was responsive to deep pain stimuli.  Further, at this stage, it cannot be said with certainty that Matthew and Hailey did not experience any fright in the moments before impact. See Miller, 578 F.2d at 127-28) (Neither judges nor juries can "know with certainty" the extent of the pain and suffering or fear and mental anguish of a deceased accident victim, "[b]ut the peculiar genius of the jury system is its reliance on the common sense and common experience of ordinary men and women to determine definitely much that cannot be known absolutely.").  Therefore, the motion for summary judgment on survival damages is DENIED.

**C.      Recovery for Wrongful Death Actions under Louisiana Law**

Article 2315.2 of the Louisiana Civil Code provides that certain classes of persons may recover damages for a decedent's wrongful death.  "[T]he wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries, separate and distinct from the primary victim's injuries." McGee, 933 So.2d at 780.  When the beneficiary dies and the right is inherited by his heirs or legatees, those heirs or legatees are entitled to receive "the amount the surviving beneficiary was entitled to receive from the time of death of the tort victim until the time of the beneficiary's death." Wakefield v. Gov't Emp. Ins. Co., 253 So.2d 667, 671 (La. Ct. App. 1972). The elements of damages for wrongful death are loss of love and affection, loss of services, loss of support, medical expenses, and funeral expenses. Todd v. Sauls, 647 So.2d 1366 (La. Ct. App. 1994). "The measure of damages for loss of love, affection and companionship is analogous to that for pain and suffering; that is, there must be an awareness of the loss by the deceased before he dies (here a conscious awareness is necessar[y], since the loss is by its nature a mental condition) and a consideration by the trier of fact of the duration of the anguish." Walker, 339 So.2d at 443-44 (citing Wakefield, 253 So.2d 667); see also Baudoin v. Acadia Parish Police Jury, 620 So.2d 453, 459 (La. Ct. App. 1993); Haynes v. Calcasieu Med. Transp., Inc., 702 So.2d 1024, 1035 (La. Ct. App. 1988).  "No lengthy period of realization of the loss is necessary to give value to this claim," and "any proof of [the beneficiary's] conscious recognition of the [loss] may warrant an award for this item of damages." Wakefield, 253 So.2d at 672.  Whether the beneficiary "was conscious so as to experience any loss of love, affection and companionship are questions of fact and relate to the elements of damage for which a recovery" may be had. Blanchard v. Tinsman, 445 So.2d 149, 150 (La. Ct. App. 1984).

6

Defendants argue that plaintiffs cannot recovery any damages for Hailey's death because Matthew, the beneficiary of the wrongful death action related to Hailey's death, was rendered unconscious at the time of the accident and never regained consciousness so was never aware of Hailey's death. They also argue that there is no evidence that Matthew paid Hailey's funeral expenses. The Louisiana jurisprudence on this issue provides that any proof of Matthew's conscious recognition of Hailey's death before his own death may warrant an award for this item of damages, regardless of the length of the period of the realization, and Matthew's conscious awareness of the loss is a factual issue. Wakefield, 253 So.2d at 672; Blanchard, 445 So.2d at 150. Thus, "plaintiffs are entitled to attempt to prove their case as to this item of damages in the claim they inherited from [Matthew] for her loss of love and affection caused by the wrongful death[] of [his wife]." Wakefield, 253 So.2d at 672. Further, plaintiffs may be entitled to recover for any medical bills or funeral expenses related to Hailey's death that were incurred before Matthew died. See Baudoin, 620 So.2d at 459. Therefore, defendants' motion for summary judgment on plaintiffs' wrongful death claims related to Hailey's death is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment on Plaintiffs' Survival Claims filed by defendants, Landstar Ranger, Inc., Old Republic Insurance Company, Southeastern Freight Lines, Inc., and The Travelers Indemnity Company (Doc. #52), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment on the Wrongful Death Claim Related to the Death of Hailey Barr filed by defendants, Landstar Ranger, Inc., Old Republic Insurance Company, Southeastern Freight Lines, Inc., and The Travelers Indemnity Company (Doc. #53), is **DENIED**.

New Orleans, Louisiana, this  30th  day of October, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**